IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONI C. CROCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 2:22-cv-2330 |
| | ) |
| ST. ANN CATHOLIC CHURCH and SCHOOL | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Joni C. Crocker (hereinafter "Plaintiff"), by and through her attorney, for her Complaint against St. Ann Catholic Church and School states the following:

### NATURE OF THE CASE

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S. C. 2000e et seq., alleging race and/or national origin discrimination against the Plaintiff and alleging age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 et seq., as amended, and the Tennessee Human Rights Act, T.C A. 4-21-101 et seq., as well as alleging retaliation against Plaintiff for her protest of discrimination in employment under those statutes.

### JURISDICTION AND VENUE

2. Federal question jurisdiction arises over the subject matter of this Complaint pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et. Seq.; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq.; and 28 U.S.C. 1331. The Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. 1367.

3. Pursuant to 28 U.S.C. 1391, venue lies in the Western District of Tennessee in that Plaintiff resides in Shelby County, Tennessee; the Defendants are operating within this district as well; and

all of the events complained of herein occurred in this district.

## PARTIES

4. Plaintiff, Joni C. Crocker, is of the Asian race and her national origin is the Phillippines. At the time of the bad treatment alleged in the Complaint the Plaintiff was sixty-one years old and at the time she was constructively discharged as alleged herein her age was sixty-two.

5. At all times giving rise to the claims alleged in this Complaint the Plaintiff was an employee under the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; and the Tennessee Human Rights Act, T.C.A. 4-21-101 et seq.

6. The Defendant St. Ann Catholic Church is an unincorporated religious association under Tennessee law and a constituent part of the Catholic Diocese of Memphis. The Defendant St. Ann Catholic School is a Catholic school located on the same property as the Church and operated by the Church.

7. At all times giving rise to the claims alleged in this Complaint, the Defendants were employers under the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; and the Tennessee Human Rights Act.

## FACTS

8. The Plaintiff began working for the Defendants as a Comptroller on November 4, 1998. The Plaintiff provided almost twenty-three years of loyal and diligent service to the Defendans until Auigust 10, 2021.

9. On May 26, 2020, despite this long and faithful service and with no prior formal disciplinary actions, the Plaintiff began to be subjected to unequal terms and conditions of employment. Specifically, she was given a letter informing her that her pay and hours were cut to part-time. Also at that time, some of her duties were given to a younger less experienced Caucasian

employee of a different national origin. The reason the Plaintiff was given for the changes and pay cut was alleged errors in her work and the budget, which she denies was the true reason.

10. On June 4, 2020, the Plaintiff complained to Defendants' Human Resources Director Sandra Goldstein that she believed her reduction in pay and cut in her hours was due to discrimination against her.

11. Subsequent to that complaint, on June 15, 2020, the Plaintiff's immediate boss spoke to her in a loud voice, alleged she was illegally recording him, and told her to write a retraction of the discrimination charge she had made against him to human resources and provide him a copy, which she refused to do.

12. On September 9, 2020, Plaintiff's full duties were returned to her, without explanation, and without an adjustment in her pay. In fact, the Defendants continued to make errors in her pay rate in their records, which caused her considerable stress and which she believes was retaliation against her for her prior complaint of discriminatory treatment.

13. As a result, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on October 22, 2020.

14. Despite the charge being filed, the above-described ongoing discriminatory treatment, which created a hostile environment in which the Plaintiff was required to work and which she protested as discriminatory, culminated in an August 9, 2021, email from her immediate boss which she perceived as falsely accusing her of cheating.

15. Then, in an August 10, 2021, meeting with management and human resources the Plaintiff was subjected to more unjustified false charges, mental abuse and harassment, and told to no longer send any emails to the Diocese financial department, like she had been doing in the past.

16. The mistreatment the Plaintiff felt she was subjected to in that August 10 meeting caused her severe mental distress and humiliation and resulted in her having to visit her doctor who immediately placed her on short term disability leave due to the great mental harm she was suffering from the ongoing mistreatment at work, most recently in the August 10, 2021, meeting.

17. The Plaintiff avers the hostile working environment she had been required to work in, which culminated in the unjustified and abusive meeting with the human resources director and management on August 10, 2021, was so intolerable as to constitute a constructive discharge of her employment of almost twenty-three years, making her unable to work and to start receiving Short Term Disability benefits, which were at less pay than the pay she had been receiving as an employee.

18. After ninety days, when the Plaintiff's Short Term Disability benefits ended but she was still unable to return to work due to her continuing disability, she started receiving Long Term Disability benefit payments, which were also at less pay than the pay she had been receiving from Defendants as an employee and which will end entirely in November 2024, unless she recovers from the mental distress caused by the hostile work environment and constructive discharge and is able to return to work.

19. The Plaintiff further avers that the Defendants reduced her pay and hours and falsely accused her of errors in her work as part of their plan to try to force her to quit or retire or to cause her to make a mistake in her work that would justify termination, all of which constitutes unlawful discrimination and/or retaliation and/or intentional infliction of mental distress or outrageous conduct

20. The Plaintiff avers that the Defendants knew that as a direct and proximate result of their discriminatory and retaliatory conduct, which created a hostile work environment, that the Plaintiff would sustain mental distress, humiliation and embarrassment.

21. The Plaintiff further avers that the constructive discharge on August 10, 2021,

constitutes discrimination against her because of her race and/or national origin and/or her age and/or was in retaliation for her protestd of that discrimination..

22. The Plaintiff avers that the discrimination and retaliation was willful, intentional and with malice.

23. The Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within three hundred days of the discrimination alleging discrimination against her in violation of the Civil Rights Act of 1964, as amended, because of her race and/or national origin and/or because of her age in violation of the Age Discrimination in Employment Act of 1967; and/or in retaliation for her protests of discrimination in employment.

24. The Plaintiff received a Dismissal and Notice of Rights from the EEOC on her discrimination charge and this complaint is being filed within ninety days of her receipt of that notice.

25. As a result of the discriminatory treatment and constructive discharge, the Plaintiff has suffered a loss in pay and benefits, as well as mental distress, humiliation and embarrassment and loss of enjoyment of life.

26. Plaintiff avers that she is entitled under the Civil Rights Act of 1964, as amended, and/or the Age Discrimination in Employment Act of 1967, as amended, and/or the Tennessee Human Rights Act to recover all lost pay and benefits, with interest, as well as to recover her attorneys fees and costs.

27. The Plaintiff avers she is also entitled under the Civil Rights Act of 1964, as amended; and the Tennessee Human Rights Act to recover compensatory damages for the mental distress, humiliation and embarrassment, and loss of enjoyment of life she has suffered as a result of the unlawful discrimination, retaliation and constructive discharge.

28. The Plaintiff avers she is also entitled under the common law of Tennessee for intentional infliction of emotional distress to an award of compensatory damages for the mental distress, humiliation and embarrassment and loss of enjoyment of life she has suffered;.

29. The Plaintiff avers she is also entitled under the Age Discrimination in Employment Act of 1967, as amended, to an award of liquidated damages because the age discrimination against her was wilful.

30. The Plaintiff avers she is also entitled under the Civil Rights Act of 1964, as amended; to an award of punitive damages to punish the Defendant for the intentional discrimination against her because of her race and/or her national origin and/or for the retaliation against her for protesting that discrimination to punish the Defendants for their wrongdoing and to deter other employers from engaging in similar wrongdoing.

31. Finally, the Plaintiff avers she is also entitled under the Tennessee common law of intentional infliction of emotional damages to an award of punitive damages to punish the Defendants for their wrongdoing and to deter other employers from engaging in similar wrongdoing.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That the Court find that Defendants discriminated against Plaintiff in violation of the Civil Rights Act of 964, as amended, because of her race and/or national origin; and/or

2. That the Court find that Defendants discriminated against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, as amended, because of her age; and/or

3. That the Court find that Defendants discriminated against Plaintiff in violation of the Tennessee Human Rights Act because of her age; and/or

4. That the Court find that Defendants retaliated against the Plaintiff for her protests of discrimination in employment;

5. That the Court find that the Defendants' conduct constitutes intentional infliction of emotional distress or outrageous conduct; and

6. That the Court award Plaintiff all of her lost pay and benefits, with interest, from the date her pay was cut to the date she was constructively discharged on August 10, 2021, plus all of her

lost pay and benefits, with interest, from the date she was constructively discharged on August 10, 2021, and forced to start drawing Short Term and Long Term Disability benefits, which were less than the pay she would have received if she had not been constructively discharged, until the date she is able to return to work;

7. That the Court award Plaintiff compensatory damages for the mental distress, humiliation and embarrassment and the loss of enjoyment of life she suffered as a result of the discriminatory treatment, constructive discharge and intentional infliction of emotional distress;

8. That the Court award the Plaintiff liquidated damages for the Defendant's willful violation of her rights under the Age Discrimination in Employment Act of 1967, as amended;

9. That the Court award the Plaintiff punitive damages for the Defendants' violation of her rights under the Civil Rights Act of 1964, as amended, and/or for the intentional infliction of emotional damages from which she suffered;

10. That the Court award Plaintiff reasonable attorney's fees and expenses for this action; and

11. That the Court award Plaintiff such other and further relief as may be deemed just and proper.

Respectfully submitted,

NORWOOD & ASSOCIATES

  /s/ Dan M. Norwood
Dan M. Norwood
2055 Cedar Bluff Drive
Decaturville, TN 38329
Tel: (901) 834-9292

Counsel for Plaintiff